## Case No. 9,461.

### MERRIAM et al. v. DRAKE.

[9 Blatchf. 336; 5 Fish. Pat. Cas. 259.] [1]

Circuit Court, N. D. New York. Jan. 16, 1872.

**PATENTS — COMBINATION — EQUIVALENTS — SAME RESULT—WHIP SOCKETS.**

1. The claim of the reissued letters patent granted to John O. Merriam and Edwin Chamberlin, as assignees of Charles B. Morehouse, the inventor, July 12th, 1870, for an "improvement in whip-sockets," the original patent having been granted to said Morehouse February 6th, 1866, namely, "The whip-socket, B, having permanently attached thereto the stationary jaw or clamp, E, in combination with the detachable jaw or clamp, G, whereby the said whip-socket may be fastened to. and connected with, the dash-board rod of a carriage or other vehicle, substantially in the manner and by the means herein described and set forth," is a claim to a whip-socket having, at the top and bottom thereof, metal rings or flanges. for the purpose of giving support and strength, with a stationary jaw of a clamp permanently attached thereto, and a detachable jaw, to be applied to clasp the rod of the dash-board, the detachable jaw forming. in connection with its fellow, a mouth or double jaw, which can be slid off and upon the object to which it is to be fastened, and made tight thereon by the single screw which holds its outer end to its fellow.

2. Such form of clamp allows the whip-socket to be made fast to the dash-board rod without perforating the leather thereof.

3. Such claim is not infringed by a whip-socket which has no rings or flanges, and has a substantially different clamp, requiring the perforation of the leather of the dash-board to admit of its application thereto.

[This was a proceeding by John O. Merriam and Edwin Chamberlin against Francis Drake to restrain certain infringements.]

[2][Final hearing on pleadings and proofs. Suit brought upon letters patent [No. 52,439]

for an "improvement in whip-sockets," granted to Charles B. Morehouse, February 6, 1866; assigned to complainants, and reissued to them July 12, 1870 [No. 4,071]. The invention is illustrated by the above engraving, in which the upper ring and clamp and the dashboard and rod are omitted. The description in the specification is as follows: "The nature of the said invention and improvement consists in the use of a whip-socket, having permanently attached thereto a suitably shaped extension or extensions, adapted to fit the dash-board rod of a carriage or other vehicle, in combination with one or more screw-caps, whereby said whip-socket may be securely fastened to the dash-board rod, substantially in the manner and for the purpose hereinafter more fully described and specified." It described the construction and operation of the invention as follows: "The whip-socket, B, may be made in any usual shape, and of any material desired, having at the top and bottom thereof metal rings or flanges, D, which are for the purpose of supporting and strengthening the whip-socket, B, and form part thereof. To these rings or flanges, D, are securely and permanently attached the stationary clamps, E. These clamps, E, should be of proper shape and size to conform to the dash-rod. The clamp, G, is made of malleable cast-iron, or other metal, and, in size and shape to correspond with the stationary clamp, E. The operation of the improved fastening is as follows: The whip-socket, B, is placed against the dash-board, A, the stationary clamps, E, fitting closely against the dash-board rod, K. The clamp, G, is then placed against the said dash-rod, K, opposite to the stationary clamp, E, and then, by means of a screw or screws, or other mechanical means, the said clamps are forced together, securely clamping, clasping, and grasping the dash-board rod, K, thereby securely holding and fastening the whip-socket, B, in its proper place and position, yet detachable at pleasure." The claim was in these words, as follows: "The whip-socket, B, having permanently attached thereto the stationary jaw or clamp, E, in combination with the detachable jaw or clamp, G, whereby the said whip-socket may be fastened to and connected with the dash-board rod of a carriage or other vehicle, substantially in the manner and by the means herein described and set forth."][2]

Esek Cowen, for complainants.

John B. Gale, for defendant.

WOODRUFF, Circuit Judge. It will be seen, from the description and claim of the patent, that the patentees do not claim that either of the parts which make up their improved whip-socket is new. The whip-socket itself may be made in any usual shape, and of any material desired, having, however, at the top and bottom thereof, metal rings or flanges, plainly indicating, as, also, the plaintiffs' proofs in regard to the previous state of the art show, that whip-sockets for sustaining the whip, and attached to the dash-board rod, were not new, but were precisely what the patentees claim to have improved. And there is no claim, obviously there could be none, that clamps were not well known and com-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 9 Blatchf. 336, and the statement is from 5 Fish. Pat. Cas. 259.]

[2] [From 5 Fish Pat. Cas. 259.]

[2] [From 5 Fish. Pat. Cas. 259.]

mon devices for clasping and holding, permanently or temporarily, as the case might require, whatever might be placed between the two jaws thereof. Nor is the feature, that one jaw is permanent or fixed, and the other movable and detachable, claimed to be, in itself, novel. The manner in which parts of machinery are clamped by a double or single jaw; the well known clamping tools of the joiner, the cabinet-maker, the shoe-maker, and the blacksmith; the common device of a clamp connected with, and forming part of, various articles in domestic use, to fasten them to a table, or to a fixture, as, for example, the common reel, the needle cushion, and like articles found in the shops, and in the use of the seamstress or embroiderer—is familiar. Nor could the patentees claim the use of a clamp generally, as a means of attaching a whip-socket to a dash-board. That would be claiming, as an invention, the mere application of an old device to a new use, which, by itself alone, is not the subject of a patent.

In view of the state of the art, and of the want of any pretence, in the specification or claim, that either of the parts are new, the claim of the plaintiffs' patent must be construed to be for a whip-socket constructed substantially as described, that is to say, having, at the top and bottom thereof, metal rings or flanges, for the purpose of giving support and strength, with a stationary jaw of a clamp permanently attached thereto, and a detachable jaw, to be applied, by some mechanical means, so as to clasp the rod of the dash-board; and, as clamps are of various form and manner of application, the precise form and mode of attaching the detachable jaw in the plaintiffs' patent is carefully exhibited in the drawings, where it is exhibited as forming, in connection with its fellow, a mouth or double jaw, which, (like the clamp attached to a lady's pin and needle cushion) can be slid off and upon the object to which it is to be fastened, and made tight thereon by the single screw which holds its outer end to its fellow. It is a whip-socket having this combination, and the devices employed to adapt each part to its place and office in the combination, that is secured to the plaintiffs by their patent; and, each part being old, the plaintiffs could not, and do not, by their patent, close the door to any other combination of these old elements, or to any other mode of combining them which is not substantially like that employed by the plaintiffs.

The office, as well as the advantage, of the form of clamp specified by the plaintiffs as a part of their whip-socket, is shown by the evidence, as well as by the specification annexed to the original patent, of which the patent relied upon is a reissue. It was deemed important, that the whip-socket should be so constructed that it could be made fast to the dash-board rod without cutting, perforating, or injuring the leather which constitutes the dash-board. That was the chief feature in the patent. Other patents existed for fastening a whip-socket by means of a metallic clamp differing but little from the one used by the plaintiffs; but the application thereof to the dash-board rod involved the cutting or perforating of the leather to permit one jaw of the clamp to pass through, so as to embrace the rod, when the socket was in its proper position. Accordingly, the specification and drawings of the original patent, and of the reissue, describe, exhibit, and refer to a peculiar arrangement of the jaws of the clamp, so that, at one end, they are held together and tightened by the clamp-screw, and, at the other end, are open, to be slid sidewise upon the rod, before the screw is made tight; and they may be removed in like manner, without disfiguring the leather of the dash-board.

I do not suggest that such a whip-socket, made up of these several parts arranged and adapted to each other in the manner described, was not a patentable device. Its peculiar arrangement of the parts, and their adaptation to the purpose in view, probably made it something more than a putting of an old device to a new use; but the patent stands upon rather narrow ground. It does not cover every possible mode of clamping a whip-socket to a dash-board, but, at most, only a mode which is substantially the same.

The defendant does not use or sell such a whip-socket as is described or referred to in the plaintiffs' specification, nor one that is at all like it. His socket consists of two parts hinged upon each other, so as to open and close at the top and bottom alternately, as the whip shall be inserted or withdrawn. It has no rings or flanges at the top or bottom, nor elsewhere thereon. Indeed, rings or flanges could not be placed thereon at all, without destroying its chief and peculiar characteristic, namely, the opening thereof at the top, to receive the whip, and the closing thereof around the whip when it is thrust to the bottom, and opening, in turn, when the whip is withdrawn. The defendant does not, therefore, use the plaintiffs' rings, nor any equivalent device, for either would be impracticable. The rings in the plaintiffs' whip-socket serve a double purpose. They strengthen the socket, and are its sole support, and are the base of the clamps, by an extension thereon forming the permanent jaws. The whip-socket used or sold by the defendant has not, and cannot have, any such rings. It is made of sufficient strength to render them unnecessary for either strength or support. It will not avail the plaintiffs to say, that, by making the defendant's socket of a form, or thickness, or strength sufficient to render the rings unnecessary, the defendant does employ an equivalent. Not so. He dispenses with the plaintiffs' device altogether. He has no need to use it, and is unable to use it. He has contrived another mode of giving strength

and support, and has provided, in such other mode, for attaching it to the clasp which he employs to secure it to the dash-board. It is not true, that a device is necessarily equivalent to another, merely because it effects the same result. The whole field of invention is cultivated with a view to devise other and new modes of effecting results that are known and common. The defendant does not use or sell a whip-socket having a clamp substantially like that which is described in the plaintiffs' patent. True, he fastens the whip-socket to the dash-board rod. That is the result attained by both. But, as already, in substance, suggested, the plaintiffs have not secured to themselves a monopoly of the result, but only of the special means of accomplishing it, in the combination constituting the whip-socket described, and such other means as are, in the combination, equivalent thereto. To one side of the body of the defendant's whip-socket are permanently attached projections, with outward curved faces, fitting the side of the dash-board rod, and, on the outer side of the rod, a strap of metal, also curved, is applied to the rod, and, by a screw at each end, passing to the projections first named, this strap is drawn down upon the rod and clasps it, drawing the inner projections on the socket firmly against the rod. This part of the defendant's whip-socket is not like that of the plaintiffs in form, nor in mechanical structure, nor in mode of operation, nor in its result, except only that it does fasten the whip-socket to the rod. It requires that the leather of the dash-board be cut or perforated, to allow of its application. It cannot be slipped upon the rod sidewise, and so removed at pleasure. It cannot be moved from one position to another, slid up or down, without new perforations of the leather, with each change of position, thus disfiguring the dash-board. In short, the defendant's whip-socket, with its adaptation to use, is a different organization, and constitutes no infringement of the plaintiffs' patent.

The bill of complaint must be dismissed, with costs.